UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY ANN MARKS,

       Plaintiff,

v.                                               Case No. 8:15-cv-769-T-24 TBM

ROBERT MCDONALD, Secretary
of VA Department of Veterans
Affairs,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss or for a More Definite Statement. (Doc. No. 11). Plaintiff opposes the motion. (Doc. No. 16). As explained below, the motion is granted.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff Mary Ann Marks filed a complaint against Defendant regarding her employment at the James Haley VA hospital and medical center. She worked there as a pharmacist from May 10, 1998 through March 27, 2015. (Doc. No. 1, ¶ 4). Her complaint contains two claims for relief: (1) retaliation under Title VII and (2) retaliatory hostile work environment.[1] In support of these claims, she alleges that she engaged in four types of protected activity and then she sets forth the alleged retaliatory conduct spanning three years in the 151 paragraphs that follow.

## III.  Motion to Dismiss

In order to state a claim for retaliation under Title VII, Plaintiff must allege: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there is a casual connection between the protected activity and the materially adverse action. See Willis v. Publix Super Markets, Inc., 2015 WL 5638022, at *2 (11th Cir. Sept. 25, 2015)(citation omitted). Defendant moves to dismiss Plaintiff's complaint, because: (1) she does not provide enough information to show that the protected activity that she engaged in occurred prior to the alleged retaliation; (2) she does not provide enough information to show

---

[1]She asserts a third "count" for injunctive relief related to those claims.

knowledge of the protected activity by the alleged retaliators and a close temporal proximity between the protected activity and the retaliation; (3) she does not provide enough information to show that she has exhausted her administrative remedies; and (4) she includes an impertinent allegation against a non-party. The Court agrees that deficiencies exist and that Plaintiff should be permitted to file an amended complaint to cure these defects.

### A.  Protected Activity

Defendant moves to dismiss Plaintiff's complaint, because she does not provide enough information to show that the protected activity that she engaged in occurred prior to the alleged retaliation. In her complaint, Plaintiff alleges that she engaged in the following four instances of protected activity: (1) "her opposition to and complaints and objections to her supervisors and other VA officials to the retaliation against her and the hostile work environment;" (2) "her complaints to ORM;" (3) "her written and oral opposition to discrimination against a co-worker;" and (4) "her formal complaint of retaliation (Form 4939) in EEOC No. 510-2014-00479X filed on December 31, 2014, and related amendments and hearing request." (Doc. No. 1, ¶ 5). However, the only frame of reference regarding the timing of the protected activity is that she made a formal complaint of retaliation on December 31, 2014. Without information regarding the timing of the other instances of protected activity, it is impossible for the Court to determine if Plaintiff states a claim for retaliation (since the protected activity must precede the adverse employment action in order for the action to be considered retaliatory).

In response to the motion to dismiss, Plaintiff provides such information. However, such information needs to be contained within the complaint. As such, the Court will allow Plaintiff to amend her complaint to cure this defect.

### B.  Knowledge and Temporal Proximity

Next, Defendant moves to dismiss Plaintiff's complaint, because she does not provide enough information to show knowledge of the protected activity by the alleged retaliators and a close temporal proximity between the protected activity and the retaliation.  In response to the motion, Plaintiff states that "[i]t is well known that it is customary for the VA to notify the responsible management officials of the allegations [of the protected activity] within several days and to request their response."  (Doc. No. 16, ¶ 9).  However, this allegation is not set forth within the complaint.  Furthermore, some of the alleged retaliation was committed by non-management officials, and as such, Plaintiff needs to allege how and when such co-workers gained knowledge of Plaintiff's protected activity.  Therefore, the Court will allow Plaintiff to amend her complaint to cure this defect.

With respect to the argument that Plaintiff has not alleged a close temporal proximity between the protected activity and the retaliation, Plaintiff must also cure this defect.  However, when Plaintiff sets forth the additional information regarding the timing of the instances of protected activity, that may cure some or all of this defect.

### C.  Exhausting Administrative Remedies

Next, Defendant moves to dismiss Plaintiff's complaint, because she does not provide enough information to show that she has exhausted her administrative remedies.  In her response to the motion, Plaintiff provides the missing information.  Furthermore, she alleges in the complaint that she has satisfied the conditions precedent to filing this suit. (Doc. No. 1, ¶ 2). Accordingly, this argument appears to be moot.

### D. Impertinent Allegation

Next, Defendant moves to strike an allegation in paragraph 40 of the complaint regarding a co-worker's prior arrest for battery/domestic violence in 2012, because Defendant contends that it is an impertinent allegation. However, that paragraph alleges that in June of 2014, the co-worker threw a bottle at Plaintiff that hit her in the face, that she reported the incident, and that the incident should have been investigated because that co-worker had been arrested for battery/domestic violence in 2012. Plaintiff contends in her response brief that the co-worker's prior arrest made his actions all the more intimidating and hostile. The Court agrees with Plaintiff that the allegation is not impertinent or irrelevant, nor does its inclusion prejudice Defendant.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss or for a More Definite Statement (Doc. No. 11) is **GRANTED**, and Plaintiff is directed to file an amended complaint by *October 6, 2015*. The only amendments to the complaint that are permitted are those done to cure the defects described in this order.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of September, 2015.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record